IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARY TRANSUE, | ) | CASE NO. 1:14-CV-1135 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| CURTISS-WRIGHT FLOW CONTROL | ) | |
| CORPORATION, et al. | ) | **OPINION & ORDER ON** |
| | ) | **PLAINTIFF'S MOTION FOR** |
| Defendants. | ) | **A NEW TRIAL** |

Pending before this Court is Plaintiff's Rule 59 Motion for a New Trial.  (Doc. No. 79).

Plaintiff has moved, pursuant to Rule 59 of the Federal Rules of Civil Procedure, for a new trial

on the basis that the jury verdict was against the clear weight of the evidence.  For the following

reasons, Plaintiff's motion is DENIED.

**Procedural History**

Plaintiff employee was terminated by Defendant employer after developing an allergic

reaction to a chemical used in the course of her employment.  Plaintiff sued Defendant under the

Americans with Disabilities Act ("ADA" or "Act"), alleging that her termination amounted to

unlawful discrimination in violation of the Act.  Both parties agreed to the jury instructions

submitted to the jury following the closing of arguments at trial.  After deliberation, the jury

returned a verdict in favor of Defendant.  Plaintiff made no request for the jury to be polled.

Plaintiff subsequently filed the motion for a new trial, arguing that the jury could not have

reasonably reached its verdict based upon the evidence presented at trial.

## Fed. R. Civ. P. 59

A court may grant a motion for a new trial under Fed. R. Civ. P. 59 if the verdict is clearly against the weight of the evidence. *Denhof v. City of Grand Rapids*, 494 F.3d 534, 543 (6th Cir. 2007) (*citing* *J. C. Wyckoff & Assoc. v. Standard Fire Ins. Co*., 936 F.2d 1474, 1487 (6th Cir. 1991)). However, "the court is not to set aside the verdict simply because it believes that another outcome is more justified." *Id.* (*citing* *TCP Indus., Inc. v. Uniroyal, Inc*., 661 F.2d 542, 546 (6th Cir. 1981)). A new trial will not be granted if the jury's verdict is "one which reasonably could have been reached." *Id.* (*citing* *Duncan v. Duncan*, 377 F.2d 49, 52 (6th Cir. 1967)). Rule 59 permits the reconsideration of rulings, but "does not permit parties to effectively 're-argue a case.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (*citing* *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). While not a means for a "do-over," Rule 59 "preserves the trial judge's authority to prevent a jury verdict from standing when…the jury's verdict was against the clear weight of the evidence and a new trial is necessary to 'prevent a miscarriage of justice.'" *Waldo v. Consumers Energy Co*., 726 F.3d 802, 826 (6th Cir. 2013) (*citing* *Holmes v. City of Massillon*, 78 F.3d 1041, 1047 (6th Cir. 1996)).

## ADA

The ADA protects disabled employees from discriminatory treatment on account of their disabilities, and requires an employer to provide a reasonable accommodation if necessary to allow an employee to perform the duties of her job. To establish a prima facie case of discrimination under the ADA, Plaintiff had the burden of proving, by a preponderance of the evidence, that: (1) she is a disabled person within the meaning of the Act; (2) that she is otherwise qualified to perform the essential functions of her job with or without reasonable

2

accommodation; and (3) she suffered an adverse employment decision due to her disability. *Sullivan v. River Valley Sch. Dist*., 197 F.3d 804, 810 (6th Cir. 1999).  A person is "disabled" under the Act if she (1) has a physical or mental impairment that substantially limits one or more major life activities of the individual; (2) has a record of such impairment; or (3) is regarded as having a disability.  *Id*.; 42 U.S.C. 12102(2)(A).  An employer is mandated to conduct an informal interactive process with a disabled employee in order to determine an appropriate reasonable accommodation.  29 C.F.R. 1630.2(o)(3); *Rorrer v. City of Stow*, 743 F.3d 1025 (6th Cir. 2014).

## Arguments and Analysis

In support of her motion, Plaintiff reviews the applicable standards and asserts that the evidence conclusively and unequivocally shows that she has met her burden of proving each element of her claim.  First, Plaintiff argues the medical evidence shows she has contact dermatitis that impacts her skin, thereby establishing that she has a disability under the ADA. Next, Plaintiff attempts to fulfill the second element through evidence that purportedly established Defendant could have provided a reasonable accommodation by means of vinyl gloves or transfer to a position in another department.  Plaintiff further argues that the exhibits and testimony of witnesses demonstrate that Defendant did not engage in an informal interactive process with her or her medical care providers, as required by the Regulations.  Finally, Plaintiff points to the circumstances of her suspension and termination, along with supporting exhibits including a letter stating she could not return to work, to establish the third element.

Defendant, however, counters Plaintiff's motion by demonstrating an alternative view of the evidence that allegedly would allow a jury to reasonably find Plaintiff did not establish each element under the ADA.  Asserting that Plaintiff was merely rearguing her case using favorable

3

interpretations of some of the evidence, Defendant contends the evidence presented to the jury could have led to the conclusion that she did not meet the statutory definition.  Further, Defendant argues the evidence could call into question the reasonableness of various accommodations suggested by Plaintiff, including use of personal protective equipment and transfer to another department.  Further, Defendant argues documentation and testimony related to the exchange of information between Plaintiff's treating physicians and Defendant (both directly and through Defendant's managed care representative) was sufficient to support a finding that Defendant engaged in an interactive process as required under the ADA.

This Court finds that Plaintiff has not demonstrated that the jury's verdict in favor of Defendant was clearly against the weight of the evidence so as to warrant a new trial under Rule 59.  A new trial is not appropriate where, based on the evidence presented, a reasonable jury could find that a plaintiff did not establish all the required elements of her claim.  *See* *Waldo*, 726 F.3d at 813. Here, Plaintiff summarizes the evidence presented at trial in a light most favorable to her case, explaining how the evidence could potentially establish each element required for a successful claim under the ADA.  However, despite Plaintiff's efforts to re-argue her case to show only one possible conclusion, she failed to demonstrate any obvious defects in Defendant's argument, and Defendant points to evidence (or a lack of evidence) that could lead a trier of fact to reasonably conclude Plaintiff did not, in fact, meet her burden.  This Court is not persuaded, for instance, that a reasonable jury could not have concluded, based on the evidence presented, that Defendant adequately attempted to accommodate Plaintiff once her condition was brought to attention.  Further, as Defendant presented evidence of communications between representatives for the parties on both sides relating to possible accommodations for Plaintiff, including with Plaintiff's medical care providers, it was not unreasonable for a jury to conclude Defendants met

4

the requirement to engage in an informal interactive process under the ADA.  As it is up to the jury, and not the Court, to weigh the evidence, and Plaintiff has not pointed to any evidence presented at trial that was so conclusive as to render only one possible reasonable verdict, a new trial under Rule 59 is not warranted.  *See Waldo*, 726 F.3d at 813 ("[C]ourts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable.").

## <u>Conclusion</u>

For the foregoing reasons, the undersigned DENIES Plaintiff's Rule 59 Motion for a New Trial.  (Doc. No. 79).

<u>/s Kenneth S. McHargh</u>
Kenneth S. McHargh
United States Magistrate Judge

Date:  <u>September 27, 2016</u>

5